IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                          CRIMINAL NO. 1:18cr141-LG-RHW

TARYN GOIN NAIDOO

### REPLY IN SUPPORT OF MOTION OF THE UNITED STATES TO CONTINUE TRIAL

The United States submits the following Reply in support of its Motion to Continue Trial [51], pursuant to Title 18, United States Code, Section 3161(h)(3)(B), and pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), and requests this Court continue the trial in this cause presently set to commence on Monday, October 28, 2019, for the following reasons as set forth in its motion, incorporated herein by reference, and the following:

1) After the Pretrial Conference was held on September 17, 2019, the Government learned that one witness it was planning to call in its case-in-chief, who is a chain-of-custody witness, would not be available for the Monday, October 28, 2019, first day of trial, and would be out of the country until the morning of Wednesday, October 30, 2019, at 8:57 a.m. CST.   The Defendant first submits in his Response in Opposition to the Motion to Continue Trial [52] that the "Government does not advise the Defendant nor the Court as to the specific item of evidence that requires a chain-of-custody witness and why this individual's presence is essential for trial." Defendant's Response, page 1, Item 2. The Defendant further submits that "the Government has not advised as to why this individual is required to prove his/her testimony on Monday, October 28 and cannot provide testimony on Wednesday, October 30 when the witness will be available." Defendant's Response, page 1, Item 2.

2) As it has become necessary with the opposition by the defense, the government will elaborate further for the Court as it did to counsel opposite in its letter and email to counsel opposite on October 8, 2019. See Exhibit G-1, attached with redactions, sent *via email*, delivery receipt, on October 8, 2019. This letter provided in detail, in pertinent part:

> We also would like you to formally inquire if the defense opposes an alternate trial date other than that set by the Court at the September 17, 2019, pretrial conference of beginning trial on October 28, 2019. An essential witness appearance conflict has arisen since the September 17, 2019, pretrial conference held in this cause.
>
> As you and I have informally discussed this past week briefly in telephone calls and short texts, the government learned when issuing subpoenas for trial last week that the police officer we would like to call as our first fact witness was [to be] out of the country until his flight arrived back in the country on Wednesday, October 30th, at 8:57 a.m. This officer is the officer to whom the two disks, which are the subjects of Count 1 and 2 in the Superseding Indictment filed on May 29, 2019, were delivered at the scene on July 10, 2017, by the defendant Naidoo's then-wife who called law enforcement on July 10, 2017. We were also advised in the afternoon after the September 17th pretrial conference that this officer has body camera video that he recorded at the scene on July 10, 2017; this video purports to be video of when this officer arrived at the scene and encountered the defendant's then-wife and the house wherein the government submits the disks belonging to the defendant Naidoo, possessing images of minors engaging in sexually explicit conduct, to include minors who had not attained 12 years of age, as alleged in Counts 1 and 2, were found. The video is very compelling proof related to the government's case in chief. This video was produced to you on October 2, 2019.

3) Based upon the experts and counselors for whom the defendant has provided a *vitae* on previously, and summaries for whom we understand are being delivered this afternoon by the defense, depending on what is provided (and, the government may need to gets its own experts in response to what is provided) the testimony and weight of credibility to be assessed to that of the defendant's then-wife is very important to the government's case in chief; this officer's testimony relates to the circumstances surrounding the collection of the evidence or disks in

counts 1 and 2 of the superseding indictment. The jury should be able to hear the testimony from tis officer on the collection of this evidence as the judges of the facts assessing what weight they might to his testimony.

4) In addition to this officer being the individual to whom the disks that are charged in Counts 1 and 2 were allegedly literally handed to by Naidoo's then-wife, and thus, this officer being the chain-of-custody witness, the government would further submit to the Court that this officer is essential as to the admission of the newly discovery body camera video. The government did ask the defense prior to sending the letter of G-1 to stipulate to the authenticity and admissibility of the body camera video of the officer to whom the disks from Count 1 and Count 2 were delivered. However, the defense advised that it would not so stipulate. Without such stipulations, this witness would be necessary and essential to address any evidentiary authentication and admissibility objections by the defense. The body camera video was taken with this officer/witness's personal body camera, and he would have to testify to the operation and maintaining of the video, as well as the chain-of-custody related thereto. This officer is the only person that can testify that the recording system was running and that it had not been tampering with, while other witnesses can testify to only certain portions of the video where they were present testifying that such portion is a fair and accurate representation.

5) Title 18, United States Code, Section 3161(h)(3)(B), provides that an essential witness is considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence. As the government stated in the Motion to the Court to continue and the letter G-1 to the defense, dated October 8, 2019, this officer witness is out of the country on Monday, October 28, 2019, and returns to Gulfport on Wednesday, October 30, 2019, at 8:57 a.m. CST. This time and date is when this witness's flight is scheduled to return. As the Court is

well aware, airplane flights do not always return on the exact time they are scheduled, for many reasons. And, assuming this officer would even get to Gulfport at the scheduled time, he would still not get to the U. S. Courthouse until after 8:57 a.m. CST.

6) The government has carefully considered taking the witness out of order, but under a best-case scenario, assuming the witness makes all his flights and his return flight is on time, at a minimum he does not return until Wednesday, October 30, 2019, at 8:57 a.m. CST.

Based on the foregoing explaining the unavailability of a government chain-of-custody witness for the trial set before this Court to commence on Monday, October 28, 2019, it would be in the best interest of justice to grant a continuance of the trial setting.

Also, based on the foregoing, the government requests that this Court enter an order continuing the trial of this case, pursuant to Title 18, United States Code, Section 3161(h)(3)(B), and pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), and ordering that all time until the continued date for the trial of this case be excluded in the interests of justice from the time within which trial must commence.

Dated:  October 16, 2019

Respectfully submitted,

D. MICHAEL HURST, JR.
United States Attorney
Southern District of Mississippi

By:   s/ Andrea C. Jones
ANDREA C. JONES
Mississippi Bar #7664
Assistant United States Attorney
1575 Twentieth Ave.,
Gulfport, Mississippi  39501

RALPH A. PARADISO
DOJ Trial Attorney CEOS

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2019, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF), which served to send notification of this filing to all parties of record.

This the 16th day of October, 2019.

                                                        *s/ Andrea C. Jones*
                                                        ANDREA C. JONES
                                                        Assistant United States Attorney