# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                              CAUSE NO. 1:19CR49-LG-JCG-2

TARYN GOIN NAIDOO

## ORDER DENYING MOTION TO DISMISS

BEFORE THE COURT is the [57] Motion to Dismiss Pursuant to Fed. R. Crim. P. 12(b)(3) filed by Defendant Taryn Goin Naidoo. The Motion argues that the indictment against Naidoo should be dismissed because his counsel was just made aware of a "phone dump" of information from a likely trial witness, Lori Brasher, on November 27, 2019. Trial is scheduled to begin December 9, 2019. Naidoo contends that the information – consisting of approximately 25,315 text messages exchanged between Brasher and Naidoo – is potentially exculpatory and has been provided in an untimely manner. Even if the U.S. Attorney's Office was not in possession of this information until the day defense counsel was notified, Naidoo says the Government should have told Naidoo that it was in possession of Brasher's phone and was attempting to image the device.

The Government filed a [62] Response in Opposition, which explains that Homeland Security agents in Gulfport received Brasher's phone on September 16, 2019, but were unable to image or review the phone because the glass screen was shattered. The phone was sent to the Department of Justice, Child Exploitation and Obscenity Section to see if personnel in that office could extract information

from the phone. They too were unable to do so without repairing the phone. It took until November 14, 2019 for the Government to procure funds for replacing the phone screen, have the screen replaced, image the phone, and analyze the information contained within. On November 26, 2019, the information extracted from Brasher's phone was sent to the U.S. Attorney's Office in the Southern District of Mississippi, which received it the next day. The Government notified defense counsel of the information within an hour of its arrival in the Southern District of Mississippi.

Federal Rule of Criminal Procedure 12(b)(3) requires that motions asserting discovery violations be made before trial. Fed. R. Crim. P. 12(b)(3)(E). Rule 16(d)(2) provides the remedies available to cure discovery violations:

> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2). The Government has already turned over to defense counsel a copy of the information extracted from Brasher's phone, so the Court need not order inspection of the material. Naidoo does not request that the Government be prohibited from introducing this evidence; rather, he laments that he has inadequate time to review the phone dump and provide that information to experts for review. Presumably, his position is that dismissal of the indictment is "just

under the circumstances."[1]  *Id.* (d)(2)(D).  As noted by the Government, the content of text messages exchanged between Brasher and Naidoo should not catch Naidoo by surprise, even if the Government should have informed Naidoo that attempts were underway to image Brasher's phone.

The cure for the belated production of evidence is a continuance.  This case has been continued numerous times already, at both the defendant's behest and the Government's request.  But Naidoo does not alternatively ask for extra time to review the phone material.  If Naidoo desires additional time in which to review this newly produced evidence, he may move for a continuance of the trial date.  In the absence of such a motion, the trial remains scheduled for December 9, 2019.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [57] Motion to Dismiss Pursuant to Fed. R. Crim. P. 12(b)(3) filed by Defendant Taryn Goin Naidoo is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 4th day of December, 2019.

s\ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Naidoo does not challenge the sufficiency of the Indictment or Superseding Indictment.  *See United States v. Guthrie*, 720 F. App'x 199, 201 (5th Cir.), *cert. denied,* 138 S. Ct. 2590 (2018) (quoting *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011)); *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975).