# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.   CAUSE NO. 1:18CR141-LG-RHW-1

TARYN GOIN NAIDOO

## ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE MENTAL HEALTH EXPERTS

BEFORE THE COURT is the [65] Motion in Limine to Exclude Mental Health Experts filed by the United States of America ("the Government"). The defendant, Taryn Goin Naidoo, intends to call two mental health experts to testify at trial about his mental state. The Government's Motion argues that these two mental health experts should not be permitted to testify at trial because their proffered testimony "violates multiple provisions of the Federal Rules of Evidence." (Mot. Limine 3, ECF No. 65.) The Motion is fully briefed. Having considered the submissions of the parties and relevant law, the Court finds that the Government's Motion in Limine to Exclude Mental Health Experts should be granted because the probative value of the expert witness testimony is substantially outweighed by the danger of confusing the jury.

The [32] Superseding Indictment in this case charges Mr. Naidoo with three counts of possession of child pornography, each in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Trial is set for January 6, 2020. On October 16, 2019, Naidoo served the Government with notice of his intent to present evidence from

two mental health experts, Dr. Criss Lott and Dr. Susan Niemann-Hightower, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C). Dr. Lott, a clinical and forensic psychologist, clinically interviewed and tested Naidoo and, based upon the information obtained, opines that (a) Mr. Naidoo represents a low risk for committing sexual offenses, (b) Mr. Naidoo has no history of sexual offending or violent behavior, and (c) Dr. Lott encountered no evidence that Naidoo suffers from severe psychopathology. Dr. Niemann-Hightower, an expert in mental health counseling, assessment, and evaluation, met with Naidoo in counseling sessions post-indictment and, based on those encounters, opines that Naidoo (a) is a heterosexual male who enjoys watching mainstream pornography involving consenting adults and (b) demonstrates no signs of atypical thoughts or deviant tendencies, instead holding norm-favoring beliefs.[1]

On December 4, 2019, the Government filed the instant Motion in Limine seeking to exclude Naidoo's mental health experts. The Motion asserts that Dr. Lott and Dr. Niemann-Hightower should not be permitted to give their proffered testimony at trial because it (1) violates Federal Rule of Evidence 704(b)'s prohibition on opining as to whether the defendant possessed the mental state or condition that constitutes an element of the crime charged, (2) is irrelevant and inadmissible under Rules 401 and 402, (3) is highly confusing and would mislead a

---

[1] Neither the Government nor the defendant has provided the Court with a copy of either expert report. However, the parties are in agreement regarding the conclusions reached by the two mental health experts, and the defendant takes no issue with the Government's representation of the content of the expert reports.

jury in violation of Rule 403, and (4) fails to satisfy the reliability requirements of Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

18 U.S.C. § 2252(a)(5)(B) applies to anyone who

> knowingly possesses . . . 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if--
> **(i)** the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
> **(ii)** such visual depiction is of such conduct . . . .

18 U.S.C. § 2252(a)(4)(B); *see United States v. Grimes*, 244 F.3d 375, 377 n.1 (5th Cir. 2001). Thus, to prove the possession counts against Naidoo, the Government will be required to show beyond a reasonable doubt that he "(1) knowingly (2) possessed material containing [a visual depiction of an actual minor engaging in sexually explicit conduct] (3) that had been transported in interstate or foreign commerce by any means, including by computer." *United States v. Woerner*, 709 F.3d 527, 535 (5th Cir. 2013).

The proposed expert testimony clearly has no bearing on the second and third elements of the charged offense. The testimony has some relevance, however, to the issue of Mr. Naidoo's knowledge. Someone would presumably be less likely to knowingly possess child pornography if he is not sexually attracted to minors. *See* Fed. R. Evid. 401 ("Evidence is relevant if . . . it has any tendency to make a [consequential] fact more or less probable . . . ."); *United States v. Pires*, 642 F.3d 1,

11 (1st Cir. 2011) ("[E]vidence that bears on the question of motive ordinarily has some probative value in a criminal case."). But where, as here, the offense charged is a general intent crime, *see Faucett v. United States*, 872 F.3d 506, 511 (7th Cir. 2017) (collecting cases from other circuits), expert testimony offered to show lack of motive is "of diminished relevance." *Pires*, 642 F.3d at 11; *see United States v. Wallenfang*, 568 F.3d 649, 660 (8th Cir. 2009) (holding that a defendant's "motive" for possessing child pornography was "immaterial and irrelevant"). The central question concerning Mr. Naidoo's intent will be whether he knowingly possessed child pornography – did he know of the contents of the electronic storage devices that allegedly belong to him? This subtle distinction between the intent required for the offense and the intent Naidoo seeks to disprove is where the Government's arguments under Rule 403 come in to play.

Rule 403 provides that "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Expert evidence "presents a special level of complexity in constructing the balance between probative value and unfairly prejudicial effect. This complexity arises out of the concern that, because of an expert's statute *qua* expert, jurors may assign more weight to expert testimony than it deserves." *Pires*, 642 F.3d at 12. Jurors regularly decide the type of the general intent issue present in this case without the help of expert testimony. Under the circumstances, the Court is of the opinion that

the proffered expert testimony presents a special risk of jury confusion that substantially outweighs the testimony's limited probative value. *See id.* at 11-12; *Wallenfang*, 568 F.3d 660.

The defendant notes in his [68] Response in Opposition that in an affidavit in support of a search warrant application in this case, "a government investigator stated that she believed the Defendant likely displays characteristics common to individuals who have a sexual interest in children and/or receive, or possess images of child pornography." (Resp. Opp. 2, ECF No. 68.) That investigator is listed as a Government witness in this case. The defendant's understandable concern is that the Government's witness will testify to his sexual predilections,[2] but the fact that a witness made a statement in a search warrant affidavit does not mean that this witness will make the same statement at trial. Should testimony on this subject arise during trial, counsel for the defendant may raise appropriate arguments and objections.

Having determined that the defendant's proffered expert testimony is excluded under Rule 403, the Court need not address the other alternative arguments for its exclusion.

**IT IS THEREFORE ORDERED AND ADJDUGED** that the [65] Motion in Limine to Exclude Mental Health Experts filed by the United States of America is

---

[2] The Court would note that its opinion concerning the risk of jury confusion resulting from expert testimony about the defendant's sexual predilections cuts both ways. This conclusion would be equally applicable to a contrary expert opinion proffered by the Government.

**GRANTED**. The proffered testimony of the defendant's two mental health experts, Dr. Criss Lott and Dr. Susan Niemann-Hightower, is hereby excluded under Federal Rule of Evidence 403.

**SO ORDERED AND ADJUDGED** this the 18th day of December, 2019.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE