# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:18CR141-LG-RHW-1

**TARYN GOIN NAIDOO**

## ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE REGARDING ADMISSIBILITY OF TRADE INSCRIPTIONS

BEFORE THE COURT is the [60] Motion in Limine Regarding Admissibility of Trade Inscriptions filed by the United States of America ("the Government"). The Motion seeks a pretrial determination that the trade inscriptions affixed to various electronic devices seized from the defendant's home are self-authenticating and admissible at trial. The defendant has not filed a response, and the time to do so has since run. The Court accordingly treats the Motion as unopposed. Having considered the Motion and relevant law, the Court finds that the Government's Motion in Limine Regarding Admissibility of Trade Inscriptions should be granted.

The [32] Superseding Indictment in this case charges Mr. Naidoo with three counts of possession of child pornography, each in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Trial is set for January 6, 2020. The child pornography allegedly in his possession is stored on various electronic devices, including two memory cards and an external hard drive.

On December 3, 2019, the Government filed the instant Motion in Limine Regarding Admissibility of Trade Inscriptions. The Government asks the Court to

preemptively determine that these devices are self-authenticating to the extent that they have traveled in interstate and foreign commerce. The two memory cards and external hard drive are inscribed with their place of manufacture: the 16GB Sandisk SD Card bears the mark "MADE IN CHINA," the Lexar 64GB SDXC Card bears the mark "MADE IN KOREA," and the blue WD My Passport Ultra external hard drive bears the mark "Product of Thailand."

Under Federal Rule of Evidence 902, certain items of evidence are deemed self-authenticating; "they require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902. One such category of self-authenticating evidence is trade inscriptions and the like: "An inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control." *Id.* (7). The inscriptions on the two memory cards and external hard drive are inscriptions purportedly affixed in the course of business that indicate origin.

The Fifth Circuit has yet to determine whether a manufacturer's inscription stating a product's country of origin is a hearsay statement or merely circumstantial physical evidence. *See United States v. Saguil*, 600 F. App'x 945, 947 (5th Cir. 2015). But such an inscription is admissible in either case. *See id.* at 946-47. If it is a hearsay statement, "the inscription satisfies the residual exception" of Federal Rule of Evidence 807 because "[i]t has 'equivalent guarantees of trustworthiness' as the guarantees of Federal Rules of Evidence 803 and 804 because such inscriptions are required by law, 19 U.S.C. § 1304(a), and false designations of origin give rise to civil liability, 15 U.S.C. § 1125." *Id.* at 947. The

inscription is also more probative of whether the video camera traveled in interstate or foreign commerce than any other evidence that could be obtained through reasonable efforts. *Id.* If the inscription is instead circumstantial physical evidence not subject to the hearsay rule, "the manufacturer's inscription would be sufficient to show the requisite nexus with interstate commerce." *Id*.

Thus, absent some other basis for deeming the trade inscriptions on the defendant's electronic storage devices inadmissible,[1] the Court finds them to be self-authenticating as to their origin of manufacture and admissible with a proper foundation.

**IT IS THEREFORE ORDERED AND ADJDUGED** that the [60] Motion in Limine Regarding Admissibility of Trade Inscriptions filed by the United States of America is **GRANTED**. The trade inscriptions on the defendant's electronic storage devices are self-authenticating as to their origin of manufacture and, under Federal Rule of Evidence 902(7), accordingly need no extrinsic evidence of authenticity in order to be admitted at trial.

**SO ORDERED AND ADJUDGED** this the 20th day of December, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] And the defendant filed no response in opposition to this Motion.