## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                    **CAUSE NO. 1:18CR141-LG-RHW-1**

**TARYN GOIN NAIDOO**

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE SEXUALLY EXPLICIT MATERIAL DEPICTING MINORS AT TRIAL

BEFORE THE COURT is the [61] Motion in Limine to Exclude Sexually Explicit Material Depicting Minors at Trial filed by the defendant, Taryn Goin Naidoo. The Motion seeks to prohibit the United States of America ("the Government") from publishing to the jury images and videos of minors engaged in sexual activity because Naidoo has agreed to stipulate to the contents of the files found on various electronic storage devices. The Government filed a response in opposition. Having considered the submissions of the parties and relevant law, the Court finds that the defendant's Motion in Limine to Exclude Sexually Explicit Material Depicting Minors at Trial should be denied.

The [32] Superseding Indictment in this case charges Mr. Naidoo with three counts of possession of child pornography, each in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Trial is set for January 6, 2020. The defendant has offered to stipulate that the videos and images found on the various seized electronic storage devices depict child pornography as defined in 18 U.S.C. § 2256. He accordingly argues that the images in this case will be substantially more

prejudicial than probative and should be excluded under Federal Rule of Evidence 403. The Government disagrees, maintaining that "a criminal defendant may not stipulate or admit his way out of the full evidential force of the case as the Government chooses to present it." (Govt's Resp. Opp. 3, ECF No. 67 (quoting *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997).)

"When one party stipulates to a disputed fact, the stipulation conclusively proves that fact." *United States v. Caldwell*, 586 F.3d 338, 342 (5th Cir. 2009) (citing *Old Chief,* 519 U.S. at 186). "Any additional evidence offered to prove that fact, while still relevant, could potentially violate Rule 403." *Id.* Nonetheless,

> the prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant's legal fault.

*Old Chief*, 519 U.S. at 188. "[F]or beyond the power of conventional evidence to support allegations and give life to the moral underpinnings of law's claims, there lies the need for evidence in all its particularity to satisfy the jurors' expectations about what proper proof should be." *Id.*

In *United States v. Caldwell*, the Fifth Circuit upheld a challenge identical to the one raised here by Naidoo in a possession of child pornography case. The Fifth Circuit distinguished between the evidence found to be unduly prejudicial in *Old Chief* – records of the defendant's prior conviction for aggravated assault of a specific person; the defendant stipulated that he had previously been convicted of a felony offense – and child pornography in a possession case: "child pornography is

graphic evidence that has force beyond simple linear schemes of reasoning."

*Caldwell*, 586 F.3d at 343.

> It comes together with the remaining evidence to form a narrative to gain momentum to support jurors' inferences regarding the defendant's guilt. It provides the flesh and blood for the jury to see the exploitation of children. The general, conclusory language of the stipulation that the videos "contain visual depictions of minors under the age of eighteen, engaging in sexually explicit conduct" does not have the same evidentiary value as actually seeing the particular explicit conduct of the specific minors. Jurors have expectations as to the narrative that will unfold in the courtroom. . . . [T]he actual videos exploiting children in a child pornography case form the narrative that falls within the general rule stated in *Old Chief*.

*Id.* (citations omitted).

Moreover, the videos, themselves, may reflect how likely it was that Naidoo knew the videos depicted child pornography. *Id.* This element – Naidoo's knowledge – is unaddressed by the stipulation he offered to the Government. Voir dire is where the Court and the parties will ensure that the jury panel does not allow hostility or aversion towards pornography or child pornography to prejudice their consideration of the evidence or influence them to deviate from the Court's instructions. *See id.* at 343 n.1. At the same time, the denial of Naidoo's pretrial Motion neither licenses the Government to overwhelm the jury with disturbing videos and images nor prohibits Naidoo from raising proper Rule 403 objections at trial.

**IT IS THEREFORE ORDERED AND ADJDUGED** that the [61] Motion in Limine to Exclude Sexually Explicit Material Depicting Minors at Trial filed by the defendant is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of December, 2019.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE