# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                          **CAUSE NO. 1:18CR141-LG-RHW-1**

**TARYN GOIN NAIDOO**

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

BEFORE THE COURT is the [90] Motion for Judgment of Acquittal filed by Defendant, Taryn Goin Naidoo. The Motion argues that the Court erred on three issues during trial, each of which provides a basis for entering a judgment of acquittal on the possession of child pornography charges of which Naidoo was convicted. The Government filed a Response in Opposition. Having considered Naidoo's arguments, the record, and relevant law, the Court is of the opinion that Naidoo's Motion for Judgment of Acquittal should be denied.

On January 10, 2020, at the conclusion of a week-long trial, a jury found Mr. Naidoo guilty of three separate counts of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). He filed the instant Motion on January 21, 2020. Ordinarily, a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 is a vehicle for arguing that evidence adduced at trial is insufficient to sustain a conviction. Defendant's Motion instead points to supposed errors made by the Court on evidentiary matters and in answering a jury question. These arguments are instead in the vein of a Motion for New Trial

pursuant to Federal Rule of Criminal Procedure 33. A district court may grant a motion for a new trial "if the interest of justice so requires." *United States v. Thompson*, 945 F.3d 340, 346 (5th Cir. 2019) (quoting Fed. R . Crim. P. 33(a)).

Naidoo's first argument is that the Court erred when it granted the Government's Motion in Limine to Exclude Defendant's Mental Health Experts. (*See* Order Granting Government's Motion in Limine to Exclude Mental Health Experts, ECF No. 73.) Without elaboration, Defendant maintains that the evidence should not have been excluded under Federal Rule of Evidence 403. He does not articulate a new argument not previously made in opposition to the Government's Motion in Limine. Accordingly, for the reasons previously stated in the Court's [73] Order and on the record at trial, the Court finds this argument to be without merit.

Naidoo's second argument is that the Court erred in overruling Naidoo's objection at trial to the Government's introduction of testimony that Naidoo had visited a website containing erotica stories in which minors engaged in sexually explicit conduct. He contends that the effect of the testimony on the jury was to demonstrate his sexual predilection for minors, and therefore the introduction of this testimony, combined with the exclusion of his mental health experts' testimony, caused him undue prejudice. However, the Court admitted this testimony under Rule 404(b)(2) because it was relevant to demonstrate Naidoo's knowing possession of child pornography. The admission of this evidence did not, as Naidoo suggests, "open the door" for him to bring in the testimony of his psychology experts.

Naidoo's third argument is that the Court erred in answering the jury's question, during deliberation, asking whether their verdict must "be based on the dates in the indictment."  The Court responded with the Fifth Circuit Pattern Jury Instruction defining "on or about":

> MEMBERS OF THE JURY
> You will note that the indictment charges that the offenses were committed on or about a specified date.  The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes on a date reasonably near the date stated in the indictment.

Naidoo submits that this answer unfairly undermined his defense, which was premised upon the theory that the Government had improperly investigated and charged the case (presumably by failing to correctly allege the dates of criminal conduct).  This argument is without merit.  This statement of the law is an accurate recitation of the law and is standard practice in the Fifth Circuit.  It was only by virtue of oversight that it was absent from the instructions on the law given to the jury.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [90] Motion for Judgment of Acquittal filed by Defendant, Taryn Goin Naidoo, which the Court construes as a Motion for New Trial, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of March, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE