AO 245C (Rev. 10/17) Amended Judgment in a Criminal Case

Sheet 1

NOTE: Identify Changes with Asterisks(*)

MB/mc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
May 24, 2021
ARTHUR JOHNSTON, CLERK

# UNITED STATES DISTRICT COURT
Southern District of Mississippi

UNITED STATES OF AMERICA
v.
**TARYN GOIN NAIDOO**

AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number: 1:18cr141LG-RPM-001

USM Number: 21062-043

Peter H. Barrett and Susan Creegan
Defendant's Attorney

Date of Original Judgment   08/10/2020

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

\* ☑ was found guilty on count(s)   Count 1s and 3s of the Superseding Indictment
after a plea of not guilty.

\* ☑ Count 2s vacated by the United States Court of Appeals for the 5th Circuit on May 11, 2021

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| \* 18 U.S.C. § 2252(a)(4)(B) and (b)(2) | Possession of Child Exploitation Images Involving a Minor Who Had Not Attained 12 Years of Age | 07/10/2017 | 1s |
| 18 U.S.C. § 2252(a)(4)(B) and (b)(2) | Possession of Child Exploitation Images Involving a Minor Who Had Not Attained 12 Years of Age | 10/04/2018 | 3s |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   1 and 2   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 5, 2020
Date of Imposition of Judgment

Signature of Judge

The Honorable Louis Guirola Jr.,   U.S. District Judge
Name and Title of Judge

5/24/2021
Date

AO 245C (Rev. 10/17) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 8

DEFENDANT: TARYN GOIN NAIDOO
CASE NUMBER: 1:18cr141LG-RPM-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

*

one hundred and seventy (170) months as to Count 1s and one hundred and seventy (170) months as to Count 3s of the Superseding Indictment. The terms of incarceration shall be served concurrently, for a total incarceration sentence of one hundred and seventy (170) months.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be housed at FCI Seagoville, Texas, if he is eligible for purposes of facilitating visitation. The Court further recommends that the defendant be allowed to participate in any substance abuse and/or sex offender treatment programs for which he is deemed eligible by the Bureau of Prisons.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before _____ .
  ☐ as notified by the United States Marshal, but no later than 60 days from the date of sentencing.
  ☐ as notified by the Probation or Pretrial Services Office.
  ☐

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 10/17) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 8

DEFENDANT: **TARYN GOIN NAIDOO**
CASE NUMBER: 1:18cr141LG-RPM-001

## SUPERVISED RELEASE

* Upon release from imprisonment, you will be on supervised release for a term of :

fifteen (15) years as to Counts 1s and fifteen (15) years as to Count 3s of the Superseding Indictment. Pursuant to 18 U.S.C. § 3624(e), the terms of supervised release shall be served concurrently for a total term of fifteen (15) years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 10/17) Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | | Judgment—Page 4 of 8 |
|---|---|---|

DEFENDANT: TARYN GOIN NAIDOO
CASE NUMBER: 1:18cr141LG-RPM-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245C (Rev. 10/17) Amended Judgment in a Criminal Case
    Sheet 3D — Supervised Release

| | Judgment—Page 5 of 8 |
|---|---|
| DEFENDANT: **TARYN GOIN NAIDOO** | |
| CASE NUMBER: 1:18cr141LG-RPM-001 | |

## SPECIAL CONDITIONS OF SUPERVISION

1. At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. If removed, the defendant shall not re-enter the United States without the written permission of the Secretary of Homeland Security. The term of supervised release shall be non-reporting while the defendant is residing outside of the United States. If the defendant re-enters the United States within the term of supervised release, he is to report to the nearest U.S. Probation Office within 72 hours of his arrival.

2. The defendant is prohibited from using any Internet-capable device, or computer, including computers at businesses, private homes, libraries, schools, or other public locations, unless he is granted permission or authority in advance by the supervising U.S. Probation Officer.  The probation office will not unreasonably limit the defendant's access to Internet capable devices.

3. The defendant shall submit to a search of any computer used by the defendant, to include passive (for example, monitoring software) and active (for example, looking at files on local drive) searches.

4. The defendant shall participate in a program approved for the treatment and monitoring of sex offenders, as directed by the probation office.

5. At the direction of the supervising U.S. Probation Officer, the defendant shall submit to polygraph examination(s) by a licensed polygraph examiner, as approved by the U.S. Probation Officer, and shall pay the cost of the examination.

6. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.

7. The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of his person, and any property, house, residence, vehicle, papers, computer, electronic communication or data storage devices, or media and effects, upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions. Any search must be conducted at a reasonable time and in a reasonable manner, based on reasonable suspicion of a violation of a condition of supervised release or unlawful conduct.

8. The defendant shall provide the probation office with access to any requested financial information.

9. The defendant shall not incur new credit charges, or open additional lines of credit without the approval of the probation office, and unless the defendant is in compliance with the installment payment schedule.

10. The defendant shall abstain from consuming alcoholic beverages for the duration of the term of supervised release.

11. The defendant shall participate in a program of testing and/or treatment for alcohol abuse or drug abuse, as directed by the probation office. The defendant shall contribute to the cost of treatment in accordance with the probation office Copayment Policy.

12. In the event that the defendant resides in, or visits, a jurisdiction where marijuana, or marijuana products, have been approved, legalized, or decriminalized, the defendant shall not possess, ingest, or otherwise use marijuana, or marijuana products, unless prescribed by a licensed medical practitioner and for a legitimate medical purpose.

13. The defendant shall not possess, ingest, or otherwise use a synthetic cannabinoid, or other synthetic narcotic, unless prescribed by a licensed medical practitioner and for a legitimate medical purpose.

AO 245C (Rev. 10/17) Amended Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __8__

DEFENDANT: **TARYN GOIN NAIDOO**
CASE NUMBER: 1:18cr141LG-RPM-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | *Assessment* | *JVTA Assessment** | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 10,000.00 | $ 10,000.00 | $ 32,000.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

**for address; see restricted document # 111

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **8Kids Series**<br>Tanya Hankins<br>In Trust for John Doe IV<br>Law Office of Erik L. Bauer<br>215 Tacoma Avenue South<br>Tacoma, WA 98402 | $ 2,000.00 | $ 2,000.00 | |
| **Angela Series**<br>Lenehan Law P.L.L.C., F/B/O Angela<br>2655 Villa Creek, Suite 222<br>Dallas, TX 75234 | $ 2,000.00 | $ 2,000.00 | |
| **BluePillow1 Series**<br>Deborah A. Bianco<br>In trust for "Henley"<br>14535 Bellevue-Redmond Rd., Suite 201<br>Bellevue, WA 98007 | $ 5,000.00 | $ 5,000.00 | |

**TOTALS**  $ __32,000.00__    $ __32,000.00__

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the   ☑ fine   ☑ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **TARYN GOIN NAIDOO**
CASE NUMBER: 1:18cr141LG-RPM-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **Sweet White Sugar Series "Pia"**<br>Deborah A. Bianco<br>In Trust for Pia<br>14535 Bellevue-Redmond Rd., Suite 201<br>Belevue, WA 98007 | $ 2,000.00 | $ 2,000.00 | |
| **PinkHeartSisters2 Series "Tori"**<br>Marsh Law Firm PLLC<br>Attn: Tori<br>P.O. Box 4668 # 65135<br>New York, NY 10163-4668 | $ 3,000.00 | $ 3,000.00 | |
| **Jenny Series**<br>Marsh Law Firm PLLC<br>Attn: Jenny<br>P.O. Box 4668 #65135<br>New York, NY 10163-4668 | $ 2,000.00 | $2,000.00 | |
| **Jan Socks1 Series "Sierra"**<br>Carol L. Hepburn<br>In trust for Sierra<br>200 First Avenue West, Suite 550<br>Seattle, WA 98119 | $ 2,000.00 | $2,000.00 | |
| **Vicky Series**<br>Carol L. Hepburn<br>In Trust for "Lily"<br>200 1st Avenue West, Suite 550<br>Seattle, WA 98119-4203 | $5,000.00 | $5,000.00 | |
| **Marineland1 Series**<br>Carol L. Hepburn<br>In Trust for "Sarah"<br>200 1st Avenue West, Suite 550<br>Seattle, WA 98119 | $2,000.00 | $2,000.00 | |
| * **Tara Series**<br>See Restricted Document # 111 | $ 5,000.00 | $ 5,000.00 | |
| **Cindy Series**<br>Cusack, Gilfillan & O'Day, LLC<br>For "Cindy"<br>415 Hamilton Blvd.<br>Peoria, IL 61602 | $ 2,000.00 | $ 2,000.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 10/17) Amended Judgment in a Criminal Case
    Sheet 6 — Schedule of Payments

Judgment — Page **8** of **8**

DEFENDANT: **TARYN GOIN NAIDOO**
CASE NUMBER: 1:18cr141LG-RPM-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ **52,200.00** due immediately, balance due

    ☐ not later than _____, or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☑ Payment to begin immediately (may be combined with ☐ C, ☑ D, or ☑ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☑ Payment in equal **monthly** (e.g., weekly, monthly, quarterly) installments of $ **500.00** over a period of **180 months** (e.g., months or years), to commence **30 days** (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

The payment of the restitution shall begin while the defendant is incarcerated. The payment of the fine shall begin after the balance of the restitution has been paid in full. Upon release, any unpaid balance of the fine shall be paid at a rate of $150.00 per month, beginning 30 days after the restitution obligation of $500.00 per month has been paid in full. In the event that the Court ordered monetary penalties are not paid in full prior to the termination of supervised release, the defendant is ordered to enter into a written agreement with the Financial Litigation Unit of the U.S. Attorney's Office for payment of the remaining balances. Additionally, the value of any future discovered assets may be applied to offset the balance of criminal monetary penalties. The defendant may be included in the Treasury Offset Program allowing qualified federal benefits to be applied to offset the balance of criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

(1) One Sandisk Micro SD card 16 GB, Serial Number 113408651D; (2) One Lexar Micro SD card 64 GB, Serial Number 7226181001G31464-C10 - 64GBBMA391413; (3) One ASUS Laptop Computer, Model G751J, Serial Number F4N0WU16140418D, containing two (2) hard drive devices: a 256 GB SanDisk Solid State Drive (SSD) HDD, Serial Number 150603402026, and a 1 TB (Terabyte) HGST Storage hard drive, Serial Number 6P2439PN; (4) One HP Laptop computer, serial number 5CG421G2YH; and (5) 2 TB Western Digital My Passport 0827 external hard drive device, Serial Number WXM1AC5LC49R.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.