IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                        **CAUSE NO. 1:18-cr-141-LG-RPM-1**
                                                                            **CIVIL ACTION NO. 1:22-cv-116-LG**

**TARYN GOIN NAIDOO**

## ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE

**BEFORE THE COURT** is the [159] Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Taryn Goin Naidoo. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion to Vacate should be denied.

### BACKGROUND

On January 10, 2020, Defendant Naidoo was found guilty of three counts of knowingly possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). On August 10, 2020, the Court sentenced Defendant to 170 months for each count, to run concurrently for a total of 170 months. Defendant appealed the judgment, which the Fifth Circuit Court of Appeals affirmed in part, vacated in part, and modified in part. *See United States v. Naidoo*, 995 F.3d 367, 384 (5th Cir. 2021). Specifically, the Court of Appeals vacated Defendant's conviction and sentence for Count Two. *Id.* The Court of Appeals retained Defendant's term of imprisonment and supervised release but modified his monetary assessments. *Id.* On May 24, 2021, this Court entered an Amended Judgment to reflect the Fifth Circuit's decision. (*See* Am. J., ECF No. 155).

On May 9, 2022, Defendant filed the instant [159] Motion to Vacate Under 28 U.S.C. § 2255. (Mot. Vacate, ECF No. 159). Thereafter the Court issued an [160] Order Requiring Attorney Affidavit and an [161] Order Requiring an Answer from the Government. On June 2, 2022, Defendant's former defense counsel filed its [162] Affidavit, and on June 29, 2022, the Government [163] responded to the Motion. Defendant did not reply. The Motion to Vacate is now ripe for disposition by the Court.

## DISCUSSION

### I. Ineffective Assistance of Counsel

A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991). Thus, 28 U.S.C. § 2255(a) provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

A petitioner must establish two elements to demonstrate that he suffered constitutionally deficient assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show

2

> that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland,* this court can look at either prong first; "if either one is found dispositive, it is not necessary to address the other." *United States v. Webster,* 392 F.3d 787, 794 n.12 (5th Cir. 2004) (quoting *Buxton v. Lynaugh,* 879 F.2d 140, 142 (5th Cir. 1989)).

"[T]o establish deficient performance, a [defendant] must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Woodward v. Epps*, 580 F.3d 318, 325 (5th Cir. 2009) (citation, quotation marks, and brackets omitted). A court must take steps to "eliminate the distorting effects of hindsight" and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. It is not the province of the court to second guess an attorney's strategic decisions; rather, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under the prejudice prong, "the defendant normally must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different, or that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." *Freeman*, 818 F.3d at 178 (citing *Strickland,* 466 U.S. at 694; *Lockhart v. Fretwell,*

3

506 U.S. 364, 372 (1993)).

## II. Defendant's Arguments

In his [159] Motion to Vacate, Defendant raises eleven arguments that "his counsel was ineffective and Constitutionally deficient." (Mot. Vacate, ¶ 12, ECF No. 159). Some of these allegations suffer from a lack of specificity, *see Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984) ("One claiming ineffective assistance of counsel must identify specific acts or omissions; general statements and conclusory charges will not suffice."), some are contradicted by the record in this matter, *see United States v. Cervantes*, 132 F.3d 1106 (5th Cir. 1998) ("If, however, the defendant's showing is inconsistent with the bulk of her conduct or otherwise fails to meet her burden of proof in light of other evidence in the record, an evidentiary hearing is unnecessary."), and still others fail to demonstrate how counsel's performance fell below an objective standard of reasonableness and/or prejudiced his defense. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.") (citing *Strickland*, 466 U.S. at 687). The Court will consider each of these eleven arguments in turn.

First, Defendant argues that "[a]t the initial sentencing hearing as well as the final sentencing hearing process, counsel failed to investigate, present or argue any type of mitigating factors." (*Id.* ¶ 12). On the contrary, Defendant's former counsel attests by affidavit that Defendant approved a memorandum which was

4

filed prior to the sentencing hearing.  (Aff. Resp. Order, ¶ 5(a), ECF No. 162).  The Court described this document as "a very comprehensive sentencing memorandum." (Sentencing Tr., at 39:3-13, ECF No. 130).  Moreover, the transcript reveals that counsel did argue mitigating factors at the sentencing hearing.  (*Id.* at 106:20-110:15); *see United States v. Molette*, Crim. No. 03-10027, Civ. No. 08-0262, 2008 WL 4461899, at *5 (W.D. La. Oct. 2, 2008) ("Molette contends that his counsel was ineffective by failing to present mitigating factors.  However, this claim fails because the sentencing transcript indicates that defense counsel did object to the presentence investigation report and did attempt to present mitigating factors."). Defendant has thereby failed to show that counsel's performance was objectively deficient or prejudicial.

Second, Defendant argues that counsel "failed to present any client specific factors required under 18 USC Section 3553(a), including, but not limited to, a disparity analysis and relevant history and characteristics of the defendant."  (Mot. Vacate, ¶ 12, ECF No. 159).  Defendant's former counsel responds that arguments and relevant testimony were in fact made at the hearing, as well as in the pre-hearing memorandum.  (Aff. Resp. Order, ¶ 5(b), ECF No. 162).  The Court agrees. The sentencing transcript reveals that counsel did argue the § 3553 factors, which were considered by the Court in fashioning the appropriate sentence.  (Sentencing Tr., at 106:20-110:15, ECF No. 130); *see Russell v. United States*, No. 1:14CR145, 2018 WL 5815553, at *2 (N.D. Miss. Nov. 6, 2018) ("Russell next alleges that at the

5

sentencing hearing his counsel did not properly argue the § 3553(a) factors. The Court does not accept this argument. At the sentencing hearing, the Court noted that the guidelines as well as the factors enumerated in § 3553(a) were taken into consideration before the sentencing."). Thus, Defendant has not shown that counsel's performance was objectively deficient or prejudicial.

Third, Defendant argues that counsel "failed to raise the issue of multiplicity of counts until the sentencing hearing." (Mot. Vacate, ¶ 12, ECF No. 159). Defendant's former counsel responds that this issue was raised and preserved for appeal. (Aff. Resp. Order, ¶ 5(c), ECF No. 162). On appeal, Defendant succeeded on this argument and Defendant's conviction on the second count was overturned. *See Naidoo*, 995 F.3d at 382 ("Having concluded that Counts One and Two of the superseding indictment are multiplicitous, we turn to the appropriate remedy."). "Challenges to issues decided on direct appeal are foreclosed from consideration in a § 2255 motion," *United States v. Fields*, 761 F.3d 443, 463 n. 12 (5th Cir. 2014) (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)), "even if couched in terms of an ineffective assistance of counsel claim." *Pena v. United States*, Crim. No. V-02-11, Civ. No. V-05-5, 2008 WL 859011, at *4 (S.D. Tex. Mar. 28, 2008) (citing *Kalish*, 780 F.2d at 508). Moreover, as counsel prevailed on this claim before the Fifth Circuit, it is difficult to see how that successful performance could have been objectively deficient or prejudicial.

Fourth, Defendant argues that counsel "failed to introduce highly relevant

and exculpatory evidence at trial such as bank statements, video footage and computer[ ] purchases." (Mot. Vacate, ¶ 12, ECF No. 159). Defendant's former counsel responds that they "are unaware of any relevant and exculpatory evidence of this description that we failed to introduce at trial." (Aff. Resp. Order, ¶ 5(d), ECF No. 162). Beyond these generic descriptions, Defendant "has failed to suggest with specificity what exculpatory evidence" his counsel failed to introduce at trial or how such evidence would have altered the outcome of the trial. *See United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989); *see also United States v. Ebhamen*, Crim. No. H-07-513-2, Civ. No. H-12-3440, 2014 WL 948552, at *5 (S.D. Tex. Mar. 11, 2014) ("Defendant fails to specify or otherwise identify any exculpatory evidence that trial counsel failed to investigate or present, and her conclusory allegations are again insufficient to establish deficient performance under *Strickland*. Nor does Defendant show that, but for counsel's failure to obtain and present the unidentified exculpatory evidence, there is a reasonable probability that the result of the proceeding would have been different."). The same result obtains here.

Fifth, Defendant argues that counsel "failed to adequately prepare the expert witnesses such as clinical and forensic psychologist, Dr. Chris Lott and Counselor, Dr. Susan Niemann-Hightower." (Mot. Vacate, ¶ 12, ECF No. 159). Defendant's former counsel points out that the Court excluded the testimony of Drs. Lott and Niemann-Hightower from trial for the possibility of confusing the jury. (*See* Order Granting Mot. Limine, ECF No. 73). Nevertheless, counsel attests that these

experts were kept prepared during trial in case their testimony could be proffered for some other purpose. (Aff. Resp. Order, ¶ 5(e), ECF No. 162). Counsel also attests that these experts testified at Defendant's sentencing hearing, where they were questioned by counsel, the Government, and the Court. (*See* Sentencing Tr., at 49:8-71:4; 72:17-101:22, ECF No. 130). Defendant does not specify the deficiency in this preparation or in the testimony ultimately offered, nor how any such deficiency was prejudicial to the outcome of the case.

Sixth, Defendant argues that counsel "shared an internal communication which revealed an[ ] expert witness['s] intended testimony." (Mot. Vacate, ¶ 12, ECF No. 159). Defendant's former counsel explains that an expert "provided an unsolicited report" to counsel "[o]n the morning of his testimony," and counsel made the professional decision "to provide this written report to the Government in accordance with the Rules of Criminal Procedure and the duty of continuing disclosure." (Aff. Resp. Order, ¶ 5(f), ECF No. 162; *see* Fed. R. Crim. P. 16(b)(1)(C) & 16(c)). Counsel also denies that this material "include[d] any work product, attorney/client privileged information, or theories of defense that the Government was not already aware of." (*Id.*). Without any further evidence of impropriety, the Court finds that Defendant has not shown an objective unreasonableness in this professional decision or how it prejudiced the result of his case.

Seventh, Defendant argues that counsel "failed to properly object to the Government's Motion in Limine with regard to the above experts." (Mot. Vacate, ¶

8

12, ECF No. 159). Defendant's argument is belied by the fact that counsel did file a [68] Response to the relevant [65] Motion in Limine. To the extent that Defendant is unsatisfied with the quality of counsel's responsive briefing, he has not identified what fell below an objective standard of reasonableness nor how another objection to the Motion in Limine would have changed the outcome of trial. *See Marquez v. United States*, No. EP-18-CV-112-FM, EP-12-CR-1351-FM-1, 2019 WL 4278836, at *6-7 (W.D. Tex. Sep. 10, 2019) ("His counsel did in fact fight the motion in limine; thus, their performance was not deficient."). Defendant has thereby failed to show that counsel's representation was deficient or prejudicial.

Eighth, Defendant argues that counsel "failed to properly object to the PSI and the advisory guideline calculation under Supreme Court precedent." (Mot. Vacate, ¶ 12, ECF No. 159). Again, former counsel responds that they "made many objections to the PSI and made several arguments to that effect within the sentencing memorandum and at the sentencing hearing." (Aff. Resp. Order, ¶ 5(h), ECF No. 162). The Court agrees. Defendant's former counsel made several objections to the presentence investigation report and guideline calculation, these concerning the multiplicity of counts, the applicability of enhancements, restitution, conditions to supervised release, his criminal history calculation, and other matters. (*See* Sentencing Tr., at 16:8-41:9, ECF No. 130); *see Mitchell v. United States*, No. 4:07CR159-MPM-JAD-7, 2012 WL 3614455, at *3 (N.D. Miss. Aug. 21, 2012) ("Petitioner's claim that counsel performed ineffectively in failing to object to the

9

pre-sentence report ('PSR') is rebutted by the record in this case, which establishes that counsel did file objections to the PSR. . . . Counsel argued the objections to the Court at the sentencing hearing, and Petitioner was allowed to address the Court, as well. . . . Therefore, because counsel filed objections and Petitioner was heard on his own objections, Petitioner cannot establish a deficient performance by counsel or prejudice as a result."). The same result obtains here.

Ninth, Defendant complains that counsel "failed to argue that defendant was subjected to a 'trial penalty' at sentencing for exercising his Constitutional right to a jury trial." (Mot. Vacate, ¶ 12, ECF No. 159). On the contrary, the sentencing transcript reflects that counsel did object to the Government's proposed two-level enhancement for obstructing or impeding the administration of justice; counsel specifically argued that "the defendant, of course, has a right to testify at trial and is entitled to maintain his innocence, and [he is] essentially being punished by a two-level enhancement for the right to maintain his innocence." (Sentencing Tr., at 13:3-8, ECF No. 130). Ultimately, after consideration of the law, the Court ruled that the requested enhancement did not violate Defendant's constitutional right to trial. (*Id.* at 15:23-16:5); *Cameron v. United States*, Nos. 1:12CR59-LG-RHW, 1:16CV383-LG, 2016 WL 4997506, at *2 (S.D. Miss. Nov. 30, 2016) ("Regardless, the sentencing transcript shows that Cameron's contention that his counsel did not object to the enhancement is patently false. Cameron's attorney explicitly did so."). Here, likewise, counsel specifically argued the "trial penalty" point that Defendant

10

desires.

Tenth, Defendant argues that counsel "failed to properly cross examine the government's star witness, the defendant's ex wife." (Mot. Vacate, ¶ 12, ECF No. 159). Defendant does not elaborate. As stated above, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The manner and extent of cross-examination is a matter of trial strategy." *Marquez*, 2019 WL 4278836, at *8 (citing *Bower v. Quarterman*, 497 F.3d 459, 467 (5th Cir. 2007)); *see also Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) (holding that cross-examination "was obviously a matter of trial tactics" and that counsel's performance was not "so ill chosen that it permeated the entire trial with obvious unfairness," and thereby "cannot serve as the basis for constitutionally ineffective representation"). Again, Defendant does not specify the objective deficiency in counsel's performance or explain how his envisioned cross-examination would have changed the outcome of the trial.

Eleventh, Defendant argues that counsel "failed to properly perform a computer forensic analysis of the computers which would have proved that defendant did not knowingly download or possess child pornography." (Mot. Vacate, ¶ 12, ECF No. 159). Defendant's former counsel responds that they "hired a very knowledgeable expert witness," Dr. John A. Hamilton, who assisted in forming a defense to the Government's forensic analysis and offered testimony at trial. (Aff.

11

Resp. Order, ¶ 5(k), ECF No. 162). Counsel elicited testimony from Dr. Hamilton concerning digital and computer forensic analysis, which was offered in support of counsel's theory of defense. (*See generally* Tr., Vol. IV, at 10:7-46:15, ECF No. 128). Again, Defendant does not explain how a superior forensic analysis would have been accomplished, nor what exculpatory evidence it would have uncovered. Neither does Defendant explain how counsel's retention of this expert on digital forensic analysis was objectively unreasonable nor how counsel's efforts prejudiced the result of this matter.

After a thorough review of the record and Defendant's individual arguments, the Court concludes that the [159] Motion to Vacate, Correct, or Set Aside Sentence is without merit and must be denied. Where the motion, files, and records of the case conclusively show that the petitioner is not entitled to relief, the Court may deny a 28 U.S.C. § 2255 motion without an evidentiary hearing. *United States v. Auten*, 632 F.2d 478, 482 (5th Cir. 1980). Because the Court has found that the record shows that Defendant is not entitled to relief, his Motion will be denied without an evidentiary hearing.

### CERTIFICATE OF APPEALABILITY

A petitioner seeking an order to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2).  To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations omitted).  Defendant's arguments are either wholly nonspecific or explicit departures from the facts established by the record.  Hence, the certificate of appealability will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [159] Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 filed by Taryn Goin Naidoo is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that a Certificate of Appealability is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 16th day of November, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE